# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | Case No. 2:08-cr-00239-LDG (PAL) |
| v. | **ORDER** |
| ANTONIO GARCIA-CHAVEZ, | |
| Defendant. | |

The defendant, Antonio Garcia-Chavez, moves pursuant to 28 U.S.C. §2255 to vacate, set aside, or correct his sentence (#59). The government opposes the motion (#69). Having read and considered the papers and the record, the Court will deny the motion.

Under 28 U.S.C. § 2255, a federal prisoner can move to vacate a sentence on the ground that it "was imposed in violation of the Constitution or laws of the United States." However, motions under 28 U.S.C. § 2255 "must be based on an independent constitutional violation" and "may not be used as a chance at a second appeal." *United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010). Accordingly, claims brought under Section 2255 are procedurally defaulted and barred if the defendant fails to raise them

either at trial or on direct appeal, and fails to show cause and prejudice excusing the default. *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003) (*citing Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Skurdal*, 341 F.3d 921, 925 (9th Cir. 2003) ("If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error.") (internal citation omitted); *United States v. McMullen*, 98 F.3d 1155, 1157 (9th Cir. 1996) ("Because McMullen failed to raise any objection regarding the type of methamphetamine, either at sentencing or on direct appeal, he is barred from raising this issue in a § 2255 motion.").

A criminal defendant is entitled to reasonably effective assistance of counsel. *McMann v. Richardson*, 377 U.S. 759, 771, n. 14 (1970).  The right to effective assistance of counsel is the right of the accused to require the prosecution's case to survive the crucible of meaningful adversarial testing.  *Strickland v. Washington*, 466 U.S. 668, 685 (1984).  When a true adversarial criminal trial has been conducted, even if defense counsel has made demonstrable errors, the requirements of the sixth amendment have been met. *United States v. Cronic*, 466 U.S. 648, 656 (1984).  Counsel is presumed competent.  As such, the burden rests on the defendant to establish a constitutional violation.  *Cronic* at 658.

To obtain reversal of a conviction, petitioner must prove (1) that counsel's performance was so deficient that it fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defense to such a degree as to deprive the defendant of a fair trial.  *Strickland*, 466 U.S. at 687-88, 692 (1984).  To establish deficient performance under *Strickland*, it must be shown "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.  *Id*. at 687.  Exercising highly deferential judicial scrutiny, *Id*. at 699, this court inquires "whether counsel's assistance was reasonable

considering all the circumstances." *Id*. at 688.  "Such assessment must be made 'from counsel's perspective at the time,' so as 'to eliminate the distorting effects of hindsight.'" *Silva v. Woodford*, 279 F.3d 825, 836 (9th Cir. 2002) (citing *Strickland*, 466 U.S. at 689). Prejudice can be presumed only "where there has been an actual breakdown in the adversarial process at trial."  *Toomey v. Bunnell*, 898 F.2d 741, 744 n. 2 (9th Cir.), *cert. denied*, 111 S.Ct. 390 (1990);  *See also Cronic*, *supra*.

### Background

The defendant pled guilty to conspiracy to distribute methamphetamine.  The plea memorandum recites that the defendant conspired to distribute 2,049 grams of a <u>mixture and substance</u> containing methamphetamine.  The plea memorandum, which was not binding on the court, further recited that the parties anticipated that defendant's total offense level would be 29, and that his advisory guideline range would be 87-107 months. In fact, as reported by Probation, the purity of the methamphetamine was such that 801.6 grams of actual methamphetamine were attributable to the defendant as relevant conduct. As a result, the total offense level was 31, with an advisory guideline range advisory of 108-135 months.  Nevertheless, Probation recommended a two-level downward departure and a sentence of 87 months.  The Court followed Probation's recommendation, and imposed a sentence of 87 months.

Construed liberally, the defendant alleges that, prior to pleading guilty, his lawyer advised him that he would receive a sentence of between 31 - 39 months if he pled guilty. He further suggests that, on the day of sentencing, his lawyer advised him that the minimum sentence the government was offering was 87 months.  At some point, the defendant alleges, the lawyer indicated that he would appeal the sentence and that the defendant was eligible for and would receive a five-year reduction in his sentence (for which he would qualify under a new law).  The lawyer did not, however, appeal the

sentence. As indicated by the defendant, at some points in his relationship with his lawyer, the communication between himself and his lawyer was confusing.

The defendant's counsel has submitted an affidavit. In that affidavit, he indicates that defendant retained James L. Buchanan II, APC, to represent him in this matter, and that counsel, James Kelly, was employed by James L. Buchanan II, APC. Kelly acknowledges that he had a communication with Buchanan on about March 10, 2009, in which Buchanan indicated that he had visited with the defendant at the North Las Vegas Detention Center, and that he had given the defendant erroneous advice. Specifically, Buchanan indicated that he had advised the defendant that, if he signed the proposed plea memorandum, he would receive a sentence of about three years. After the visit, Buchanan recognized the error and informed Kelly that the defendant would instead probably have a sentence of about nine years.

Two days later, on March 12, 2009, Kelly met with the defendant immediately prior to his plea hearing. Prior to the hearing, Kelly informed the defendant that Buchanan had given him erroneous advice regarding the probable sentence, and that if the defendant signed the proposed plea memorandum, he would probably be sentenced to a term of about nine years. Kelly further informed the defendant that he did not need to plead guilty, and that the hearing could be continued to allow the defendant to discuss the sentence with Buchanan, or to proceed to trial. Kelly had the entire plea memorandum interpreted and read to the defendant. Kelly further emphasized that the minimum sentence that he could receive was five years, and that the advisory guideline range was 108-135 months. Kelly indicates that he answered all of the defendant's questions. The defendant then decided to go forward and sign the plea agreement and enter a plea of guilty.

The court then conducted the plea hearing, during which the Court specifically advised the defendant that the minimum sentence was five years, and engaged in a plea colloquy ensuring that the defendant's plea was knowing and voluntary.

As noted above, at the sentencing hearing on June 26, 2009, the Court followed the recommendation of Probation, determined that the advisory guideline range was 108-135 months, and then departed downward and imposed a sentence of 87 months. Near the conclusion of the sentencing hearing, the defendant indicated that he had been told that he "was going to get a sentence lower by five years, but - because it was my first offense." Upon further questioning by the Court, the defendant stated that he was told by "other attorney" that he "would get five years off because this was my first time." The defendant followed this statement up with the following: "But, in any case, I do not trust them, because they have always lied to me. But – I only trust in God, and if this is what I deserve, as I have said, God and your Honor are the ones that know what I deserve."

The Court then discussed the defendant's comments with both the government and trial counsel. The prosecutor suggested that perhaps the defendant was referring to the fact that the government could have indicted the defendant such that he would face a 10-year statutory minimum sentence. The record indicates that, due to the manner in which the government actually indicted the defendant, he faced only a five-year statutory minimum sentence.

Defense counsel suggested that the defendant may have been referring to his conversation with Buchanan. Defense counsel acknowledged that Buchanan had given the defendant erroneous advice, but prior to the entry of his plea, defense counsel had informed the defendant that Buchanan's advice was erroneous, that it would be the judge and not the lawyers who decided the sentence, that a sentence of about three years was not possible based on the negotiated plea. Defense counsel further indicated that he had expressly gone through the guideline (108-135 months) and statutory ranges (5 years to 40 years) with the defendant. After receiving this advice, the defendant decided that he did not want to go to trial and would take the negotiated deal.

The Court then reviewed the plea memorandum with the defendant, first asking the defendant whether he had read the plea memorandum with a translator when the plea was taken. In his declaration to the Court, defense counsel indicates that the translator had read the entire plea memorandum with the defendant prior to the plea hearing. The Court then specifically noted that the plea memorandum recited that the statutory range for the offense was 5 years to 40 years. The Court further noted that, under the guidelines, the advisory guideline range was 108-135 months, but that probation had recommended a downward departure to 87 months.

<u>Ineffective Assistance of Counsel - Erroneous Advice as to Possible Sentence</u>

To the extent that the defendant's present petition alleges that his counsel was ineffective for giving erroneous advice as to the length of his sentence, the argument fails because defense counsel recognized and corrected the error prior to the defendant making a decision whether or not to plead guilty. Defense counsel expressly advised the defendant that the minimum statutory sentence was 5 years, and that the guideline range would probably be in the range of 108 - 135 months. The entire plea memorandum was translated and read to the defendant. The plea memorandum specifically recited that the statutory minimum sentence was 5 years. The plea memorandum also recited that the Total Offense Level would be 31, prior to any reductions or departures. For criminal history category I, the advisory guideline range was 108-135 months. Defense counsel expressly advised the defendant that, under the plea memorandum, the impact of the sentencing guidelines was that the defendant probably faced a sentence of about 108-135 months, but that the Court could impose a sentence within this range, or higher, or lower. As such, prior to the defendant making a decision to plead guilty, defense counsel corrected Buchanan's error, and the defendant's decision did not rest upon that erroneous advice, but was made with knowledge that the defendant would face a sentence much longer than

31 or 39 months. Under these circumstances, the defendant did not receive ineffective assistance of counsel, as Buchanan's erroneous advice was corrected so that the defendant's decision whether to plead guilty rested upon the effective assistance of his counsel.

<u>Ineffective Assistance of Counsel - Failure to Appeal</u>

The defendant also argues that his counsel represented that he would file an appeal that would result in a five-year reduction of his sentence, but that counsel never filed an appeal. While counsel did not file an appeal, the argument fails for several reasons. First, as indicated above, defense counsel and the court correctly advised that the minimum statutory sentence was five years. Defense counsel demonstrated knowledge, during the sentencing, that the statutory minimum sentence was five years. As such, following the sentencing defense counsel would not have instructed the defendant that an appeal would result in a five-year reduction of sentence, as such a reduction would fall far below the statutory minimum. Second, the defendant waived his right to appeal in his plea agreement. As indicated above, the entire plea memorandum had been translated and read to the defendant prior to his plea hearing. At the plea hearing, the Court expressly questioned the defendant whether his waiver of his right to appeal was freely and voluntarily made, to which the defendant responded in the affirmative. Further, at sentencing, the Court again asked the defendant whether he had freely and voluntarily waived his right to appeal, to which the defendant again responded in the affirmative.

Finally, the defendant has not alleged, suggested, or otherwise indicated any arguable issue for appeal. The defendant was notified that the minimum sentence was 5 years. The plea memorandum contemplated an offense level of 31. The Court determined that the defendant's offense level was 31, but departed downward two-levels and

sentenced the defendant to 87 months.  The defendant has not shown that counsel was ineffective for failing to file an appeal.  Accordingly, for good cause shown,

     THE COURT **ORDERS** that the Defendant's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence (#59) is DENIED.

     THE COURT FURTHER **ORDERS** that Defendant's Motion for Appointment of Counsel (#70) is DENIED.

DATED this ___29___ day of December, 2011.

_____
Lloyd D. George
United States District Judge